## Case No. 15,386.

UNITED STATES v. HOOE et al.

[1 Cranch, C. C. 116.] 1

Circuit Court, District of Columbia. March Term, 1803.2

WRIT OF ERROR—AMENDMENT OF RECORD—POWER OF COURT BELOW.

After a writ of error has been served and returned to the supreme court, the record is no longer before the court below and cannot be amended, although at an adjourned session of the same term. it appear that the writ of error has been dismissed in the court above at the request of the party praying an amendment.

Motion by Mr. Mason, for the United States to amend the record by adding a statement of the case, according to the requisitions of the 19th section of the judiciary act of September 24th, 1789 (1 Stat. 83). It was a suit in equity which, since the last term, had been carried up by writ of error to the supreme court of the United States, and dismissed on the motion of the attorney of the United States, because not accompanied by a statement of the facts upon which

---

1 [Reported by Albert Brunner, Esq., and here reprinted by permission.]

1 [Reported by Hon. William Cranch, Chief Judge.]
2 [Affirmed in 3 Cranch (7 U. S.) 73.]

the decree was founded. This being an adjourned session of November term, 1802, the term in which the decree was rendered, it was contended that the decree was still in the power of the court.

Mr. Swann and Mr. Lee, contra. The record is completely out of this court; the cause is no longer here. This court cannot amend a record, which, in contemplation of law, is not before the court.

THE COURT refused to make the statement of facts, because they conceived the whole cause and record were completely out of their power by the writ of error.

CRANCH, Circuit Judge, contra, because if a statement of facts now made, can avail the United States. let them have the benefit of it, if not it can do no harm.

Mr. Mason, then prayed an appeal, and cited the judiciary act of 1789, § 22 (1 Stat. 84); showing that a decree in equity could not be appealed from under that law, the only remedy being a writ of error; and the act of 13th of February, 1801, § 33 (2 Stat. 98), giving an appeal; and the act of 3d of March, 1803, § 2 (2 Stat. 244), containing the same provision as that in the act of 1801, excepting that the act of 1803, expressly applies to decree then already rendered.

Upon that appeal the cause was again carried up to the supreme court, where the decree was affirmed. See U. S. v. Hooe, 3 Cranch [7 U. S.] 73, 78.